## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

GLEN WILSON,

      Plaintiff,

v.                                     Case No: 5:16-cv-48-Oc-30PRL

CITY OF GROVELAND, FLORIDA, and
REDMOND JONES, II, in official and
individual capacities

      Defendants.

---

## <u>ORDER</u>

THIS CAUSE is before the Court on Defendant City of Groveland's Motion to Dismiss or, Alternatively, Motion to Strike (Dkt. 10) and Defendant Redmond Jones's Motion to Dismiss (Dkt. 23). Plaintiff Glen Wilson has filed responses in opposition (Dkts. 26 and 27). The Court has considered these filings, the complaint, and the relevant law and concludes that Plaintiff's claim against Defendant Jones in his official capacity fails to state a claim and should be dismissed with prejudice. The Court further concludes that the complaint is otherwise a "shotgun complaint" that should be dismissed without prejudice. For this reason, which will be discussed briefly below, the motions will be granted in part.

## FACTUAL BACKGROUND

Plaintiff Glen Wilson is a resident of the Groveland, Florida, and was formerly an unpaid, volunteer appointee on the city's Recreation Advisory Committee (RAC). Members of the RAC serve as advisors to the city council and manager on matters related

to public recreation. According to allegations in his complaint, Wilson and other members of the RAC became concerned with Defendant, city manager Redmond Jones, and his desire to provide an economic incentive package to a business planning to build a new facility in the city. To Wilson, such a course of action violated city ordinances and was a misuse of the city manager's role. Wilson alleges that he voiced his opposition to this proposed incentive plan at a city council meeting and in an email to the mayor. Shortly thereafter, by vote of the city council, Wilson was removed from his position as member of the RAC.

Wilson filed this lawsuit alleging First Amendment retaliation in violation of 42 U.S.C. § 1983, against both the city and Jones. The city moves to dismiss the complaint for failure to state a claim or, in the alternative, to strike the pleading as a shotgun complaint. (Dkt. 10). Jones likewise moves to dismiss for failure to state a claim and moves to strike Wilson's request for punitive damages.

## DISCUSSION

The gravamen of Wilson's complaint, it appears, is his termination from the RAC for having spoken out against the city manager's proposed economic incentive plan. Yet at various points in the complaint, Wilson refers to "retaliatory acts" without any clear indication of which "acts" the complaint is referring to. Paragraph 12, for example, alleges that Jones wrote a disparaging letter about Wilson using city letterhead. (Dkt. 1, p. 2). Paragraphs 13 through 15 allege that Jones leveled false accusations against Wilson, to include accusations of libel, making threats, and being physically aggressive at a city council meeting. And Paragraph 35 alleges that "[b]y virtue of the numerous retaliatory

acts against Mr. Wilson, Defendants had a persistent wide spread practice and custom of retaliating against Mr. Wilson whenever he exercised his First Amendment rights. . . ." (Dkt. 1, p. 4). The complaint does not provide the Court (or the Defendants) with any indication as to which of these "acts" are actionable under the law. The complaint instead provides the subtitle, "42 U.S.C. § 1983, First Amendment Retaliation," followed by forty-one numbered allegations, followed by its prayer for relief, which seeks judgment against the city and Jones in both his official and individual capacities and punitive damages against Jones.

A claim against Jones in his official capacity, of course, is really one against the city. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Such a claim is redundant and should be dismissed, as Wilson acknowledges in his response. (See Dkt. 27, p. 9). A claim against Jones in his individual capacity, meanwhile, requires a showing that Jones violated a clearly established constitutional right. *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998). This claim to relief is different from one against the city, and it requires different proof. It belongs in a separate count. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015).

Yet Wilson's complaint never alleges separate counts, let alone makes factual allegations specific to each count. The best the Court can tell, it is a one-count complaint seeking various relief against various parties to whom different legal standards apply. The complaint is, in other words, a shotgun complaint, which the Eleventh Circuit rejects. *See Weiland*, 792 F.3d at 1321 ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief."); *see also*

*Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001) ("[S]hotgun pleadings wreak havoc on the judicial system."). And according to the Eleventh Circuit, complaints like Wilson's should be dismissed without prejudice, with one opportunity to re-plead and remedy the deficiencies. *See Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (suggesting that it is sufficient to give a plaintiff who has filed a shotgun pleading one chance to re-plead correctly).

It is therefore ORDERED AND ADJUDGED that:

1.  Defendant City of Groveland's Motion to Dismiss or, Alternatively, Motion to Strike (Dkt. 10) is GRANTED in part.

2.  Defendant Redmond Jones's Motion to Dismiss (Dkt. 23) is GRANTED in part.

3.  Plaintiff's claims against Defendant Redmond Jones in his official capacity are DISMISSED WITH PREJUDICE.

4.  Plaintiff's Complaint (Dkt. 1) is DISMISSED WITHOUT PREJUDICE.

5.  Plaintiff may file an amended complaint within fourteen (14) days of this order's entry.   Failure to file an amended complaint within the fourteen (14) days will result in this case being closed without further notice.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of June, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record