# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

GLEN WILSON,

    Plaintiff,

v.                                                        Case No: 5:16-cv-48-Oc-30PRL

CITY OF GROVELAND, FLORIDA,
and REDMOND JONES, II,

    Defendants.

_____

## AMENDED ORDER[1]

THIS CAUSE is before the Court on Defendant Redmond Jones's Motion to Dismiss Plaintiff's Amended Complaint and Motion to Strike (Doc. 31) and Defendant City of Groveland's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 32). Plaintiff Glen Wilson filed responses in opposition (Docs. 34 and 35). The Court has considered these filings, the amended complaint, and the relevant law and concludes Defendant Redmond Jones's motion should be denied, and Defendant City of Groveland's motion should be granted for the reasons discussed below.

## FACTUAL BACKGROUND

Put simply, Plaintiff Glen Wilson ("Wilson") complains that Defendants Redmond Jones II ("Jones") and City of Groveland (the "City") retaliated against him for speaking out against Jones on two occasions. The first instance occurred when Wilson spoke out at

---

[1] Order is amended as to paragraph 5 only.

a city council meeting in May 2015 against Jones's proposal to provide an economic incentive package to a business planning to build a new facility in the city. In retaliation for those remarks, Wilson alleges Jones—acting with his authority as city manager—retaliated against Wilson by committing the following acts:

> (i) procured 3 residents to file false criminal complaints against Mr. Wilson falsely alleging Mr. Wilson committed criminal assault and attempted to strike someone with his fist, (ii) wrote a letter on City letterhead to the developer of Mr. Wilson's community (where Mr. Wilson and his wife reside) falsely accusing Mr. Wilson of being the aggressor in verbal altercations involving threats, (iii) instructed police department personnel and other city personnel to closely monitor Mr. Wilson's actions and communications, (iv) recommended the City remove Mr. Wilson from his volunteer position on the City's [RAC] falsely stating Mr. Wilson was so violent the Deputy Chief of Police had to use physical techniques to subdue him, (v) publishing on the City's public web site false statements about Mr. Wilson being so violent at meetings the Police Chief and Deputy Police Chief had to intervene and (vi) falsely stating at a public meeting that Mr. Wilson was so violent he had to be physically subdued by law enforcement.

(Doc. 29 at ¶6). Wilson claims these acts were retaliation by both Jones, individually (Count I), and by the City, based on its delegation of final policymaking authority to Jones (Count II).

Wilson's second claim of retaliation arose after he sent a roughly 12-page e-mail[2] to the City's mayor and several other city officials in December 2015. The e-mail refers to Jones as a cult leader who is taking control of the City, criticizes Jones's performance as city manager, and asks for Jones's resignation or termination. The majority of the e-mail is spent attacking the character of non-city officials who support Jones.[3]

---

[2] The e-mail is not attached to the amended complaint. However, the Court considers it because it is central to Wilson's claims. *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006).

[3] For instance, the e-mail discusses the supposed domestic violence history and apparent social security disability fraud of a veteran; the alleged tax evasion of a former mayoral candidate;

2

Three days after Wilson sent the e-mail, the city council voted to remove Wilson from an unpaid, volunteer appointment to the City's Recreation Advisory Committee ("RAC"). Before the vote, two city council members questioned whether Wilson could be removed based on his e-mail, but a majority voted to remove him, regardless. Wilson does not allege this vote was at the request of Jones, nor does Wilson make any claim of retaliation against Jones for his removal from the RAC. Instead, Wilson alleges his removal from the RAC was retaliation by the City for having sent the e-mail (Count III).

## PROCEDURAL BACKGROUND

Wilson filed his original complaint (Doc. 1) for retaliation under the First Amendment against the City and Jones, in his official and individual capacities. This Court dismissed the complaint (Doc. 28) as a shotgun pleading because the claims were not separated as to the defendants or by Wilson's various claims. The Court also dismissed with prejudice the claims against Jones in his official capacity, which were redundant of the claims against the City. Wilson then filed his amended complaint (Doc. 29), which is the subject of the City and Jones's motions to dismiss.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v.*

---

and the alleged malfeasance of three pastors who Wilson asserts questioned his records requests, took money from the church, and received improper favors for supporting Jones.

*Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Furthermore, they must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson*, 551 U.S. at 93–94.

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

## **DISCUSSION**

Wilson alleges in Counts I and II that both Jones and the City retaliated against him as a private citizen for his remarks to the city council in May. In response, Jones argues Wilson failed to plead a *prima facie* case of retaliation in Count I, and that he has qualified immunity from prosecution. The City argues Wilson failed to establish municipal liability for the retaliatory acts allegedly committed by Jones.

Wilson also alleges in Count III that the City retaliated against him as an employee in response to his December e-mail. The City argues Wilson failed to state a claim because he was not speaking as a citizen on a matter of public concern. The Court will address each of the Defendants' arguments in turn.

### A. Failure to State a Cause of Action (Counts I and II)[4]

To state a *prima facie* case for retaliation under the First Amendment, "(1) a plaintiff must establish her speech 'was constitutionally protected,' (2) the 'retaliatory conduct adversely affected the protected speech,' and (3) 'there is a causal connection between the retaliatory action[ ] and the adverse effect on speech.'"[5] *Ziegler v. Martin Cty. Sch. Dist.*, No. 15-11441, 2016 WL 4039667, at *12 (11th Cir. July 28, 2016) (citing *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005)). An adverse action occurs for the second element when "the allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Id.*

The Court concludes Wilson pled a *prima facie* case for retaliation. As pled, Wilson's speech at the city council meeting criticizing Jones's plan to use tax payer money as an incentive for a private business is protected speech—and not purely personal as Jones argues. Taken as a whole, Jones's alleged acts would be sufficient to deter someone of ordinary firmness from exercising their First Amendment rights (even if a single act on its own would not have done so). Finally, Wilson has sufficiently pled that Jones's acts were in retaliation for his remarks at the May city council meeting. Accordingly, Wilson has stated a prima facie case of retaliation under the First Amendment.

---

[4] Because Counts I and II are based on the same facts, the same analysis applies.

[5] Jones argues, "Plaintiff was not an *employee*, but was speaking as an RAC member, not a *private citizen*." (Doc. 31 at 7) (emphasis added). The Court is hard-pressed to guess what Wilson's speech could be if not that of an employee or private citizen. Based on the remainder of Jones's argument and the amended complaint, however, it is abundantly clear that neither he nor Wilson are arguing Jones's acts constituted employment retaliation. Accordingly, the Court treats Wilson's claims in Counts I and II as retaliation outside the employment context.

### B. Qualified Immunity (Count I)

The Court concludes Jones failed to show his entitlement to qualified immunity. To receive qualified immunity in a § 1983 action, the public official must "prove he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Carollo v. Boria*, No. 15-11512, 2016 WL 4375009, at *3 (11th Cir. Aug. 17, 2016) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)). Jones completely fails to address whether his alleged acts were within the scope of his discretionary authority, and instead argues Wilson failed to establish a violation of a clearly established constitutional right. Without Jones proving the discretionary nature of his acts, the burden never shifts to Wilson. *Brooks v. Warden*, 800 F.3d 1295, 1306 (11th Cir. 2015) ("*After* the defendant has established that he was acting in a discretionary capacity, 'the burden shifts to the plaintiff to show that qualified immunity is not appropriate.'") (emphasis added). As such, the Court concludes Jones has not established qualified immunity.

The Court also finds no merit to Jones's motion to strike. Wilson pled a *prima facie* case for retaliation and alleged Jones's acts were spiteful and malicious. The Eleventh Circuit has explained that there is no heightened pleading standard for a claim of punitive damages, so the pleading standard of Federal Rule of Civil Procedure 8(a)(3) applies. *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1298 (11th Cir. 1999), *opinion vacated in part on other grounds on reh'g*, 204 F.3d 1069 (11th Cir. 2000). Wilson's allegations are sufficient to satisfy the pleading requirement for punitive damages under Rule 8(a)(3). Accordingly, the Court denies Jones's motion to strike Wilson's punitive damages claim.

### C. Municipal Liability (Count II)[6]

A municipality, like the City, can be held liable for the "act or decision of a municipal officer with final policy-making authority." *Carter v. DeKalb Cty., Ga.*, 521 F. App'x 725, 729 (11th Cir. 2013) (citing *Cuesta v. School Bd. of Miami–Dade Cty.*, 285 F.3d 962, 966–68 (11th Cir. 2002)); *see also Quinn v. Monroe Cty.*, 330 F.3d 1320, 1325 (11th Cir. 2003). However, a municipality cannot be held liable for the constitutional violations of its officers based on vicarious liability or *respondeat superior*. *Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016); *see also Skop v. City of Atlanta*, 485 F.3d 1130, 1145 (11th Cir. 2007) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694–95 (1978)). In other words, acts of an officer—even one with final policymaking authority—will not be imputed to a municipality unless the acts were within the scope of the officer's final policy making authority.

The Court concludes Wilson did not plead facts showing the alleged retaliatory acts committed by Jones were within the scope of Jones's final policymaking authority. Wilson alleges Jones has authority to "[d]irect and supervise the administration of all departments, offices and agencies of the city," (Doc. 29 at ¶3), but fails to provide facts showing that Jones's acts related to the direction and supervision of city departments. *See Hoefling*, 811 F.3d at 1279–80 (holding a plaintiff's conclusory or "naked allegations" are insufficient to establish liability). For instance, Wilson pled no facts showing how Jones's request that

---

[6] Wilson argues Count II should not be dismissed because his "protected speech (in email form) was the motivation for the City to discharge him from the RAC thereby ratifying the City Manager's decision upon passing the vote to remove Mr. Wilson from the RAC." (Doc. 35 at 5). This argument fails because Wilson makes no allegations about his e-mail or discharge in Count II. Therefore, Wilson's e-mail and removal from the RAC are not relevant to whether the City should be liable for the actions of Jones about which Wilson complains in Counts I and II.

residents file criminal complaints against Wilson relates to Jones's direction or supervision of City departments, offices, and agencies. The same pleading defect exists related to Jones's other acts, as well.

At its core, the problem with Count II is that Wilson failed to parse out for which of Jones's acts he is trying to hold the City accountable and why. It is incumbent upon Wilson to plead a plausible basis for municipal liability as to each retaliatory act, rather than listing an extensive list of wrongs and pointing to a single provision of the City's charter as the basis of municipal liability. While unclear if Wilson will be able to do so, the Court finds it appropriate to give him another chance. As such, the Court finds Count II should be dismissed without prejudice.

### D. Failure to State a Cause of Action (Count III)[7]

Supreme Court and Eleventh Circuit precedent leave no doubt that "a public employee's right to freedom of speech is not absolute," *Bryson v. City of Waycross*, 888 F.2d 1562, 1565 (11th Cir. 1989); *see also Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). But the courts must "balance between the interests of the [employee] as a citizen, in commenting upon matters of public concern and the interest of the state, as an employer, in promoting the efficiency of the public services it performs through its employees." *Id.* (quoting *Pickering v. Bd. of Ed. Of Township High School Dist. 205, Will Cty.*, 391 U.S. 563, 568 (1968)). To balance these interests, the Eleventh Circuit employs a four-part test, the first two parts of which are questions of law to be decided by a court:

---

[7] The City also argues that Wilson lacks standing to support an employment retaliation claim because his RAC membership was a volunteer position. However, the Court will assume Wilson's standing to assert Count III since that issue is immaterial to the Court's disposition.

8

> First, we consider whether Plaintiff's speech was made as a citizen and whether it implicated "a matter of public concern." If this first threshold requirement is satisfied, we then weigh Plaintiff's First Amendment interests against the City's interest in regulating his speech to promote "the efficiency of the public services it performs through its employees."

*Moss v. City of Pembroke Pines*, 782 F.3d 613, 617–18 (11th Cir. 2015) (internal citations omitted).

The Court concludes Wilson's e-mail did not address a matter of public concern, thus ending the inquiry. To determine whether speech is related to a matter of public concern, a court should look to "the content, form, and context of a given statement, as revealed by the whole record." *Boyce v. Andrew*, 510 F.3d 1333, 1343 (11th Cir. 2007). Further, the Court should ask "whether the 'main thrust' of the speech in question is essentially public in nature or private, whether the speech was communicated to the public at large or privately to an individual, and what the speaker's motivation in speaking was." *Vila v. Padron*, 484 F.3d 1334, 1340 (11th Cir. 2007) (quoting *Mitchell v. Hillsborough County,* 468 F.3d 1276, 1283 (11th Cir.2006)). A "public employee may not transform a personal grievance into a matter of public concern by invoking a supposed popular interest in the way public institutions are run." *Boyce*, 510 F.3d at 1344.

While Wilson's e-mail briefly touches on his issues with Jones's performance, the thrust of the letter is to attack Jones and the private citizens who support him. Wilson's roughly 12-page e-mail contains less than 2 pages discussing Jones's actions as city manager. The vast majority of the e-mail is spent ridiculing and name-calling private citizens who are not city officials or employees. It also takes ample space to correct what Wilson views as personal attacks against him and his wife, such as "haters [spreading] sleazy lies that we are racist…." While portions of the e-mail, taken alone, pertain to

9

matters that would be of public concerns, the thrust of Wilson's e-mail is to air his personal grievances with the way he has been treated by other private citizens.

Other factors also weigh into this Court's conclusion that the e-mail was not related to a matter of public concern. Wilson's e-mail was not a public condemnation of Jones at a city council meeting or an opinion piece in a newspaper; it was an e-mail disseminated to only a dozen city officials in which Wilson bashed Jones and others. The medium selected made it so most of the targets of his e-mail would have no opportunity to respond. As such, Wilson's e-mail was not speech in a public forum in which both sides could be heard, but was instead an attempt to get influence over the city officials to whom Wilson decided to send the e-mail.

Based on all of the above, the Court concludes the motivation for Wilson's e-mail was to try to settle a personal grievance by disparaging private citizens who disagreed with him behind their backs. That is insufficient to drag the City into a private quarrel under the guise of the First Amendment. As such, Count III is due to be dismissed with prejudice.

It is ORDERED AND ADJUDGED that:

1. Defendant Redmond Jones's Motion to Dismiss Amended Complaint and Motion to Strike (Doc. 31) is DENIED.

2. Defendant City of Groveland's Motion to Dismiss Amended Complaint (Doc. 32) is GRANTED.

3. Counts II of the amended complaint (Doc. 29) is DISMISSED WITHOUT PREJUDICE.

4. Count III of the amended complaint (Doc. 29) is DISMISSED WITH PREJUDICE.

5. Plaintiff Glen Wilson may file an amended complaint within fourteen (14) days of this Order's entry.

**DONE** and **ORDERED** in Tampa, Florida, this 26th day of September, 2016.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\OCALA\2016\16-cv-48 mtd 31 32.docx